UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEXANDER CAMERON**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> Defendant. | Civil Action No. 21-2908 (APM) |

### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant the District of Columbia (the District) moves to dismiss plaintiffs' Complaint. Fed. R. Civ. P. 12(b)(6). On August 13, 2020, plaintiffs Alexander Cameron, Benjamin Tan, Destiny Robinson, Jonah Angeles, and Jake Oster were arrested by officers of the Metropolitan Police Department (MPD) for felony rioting. Pursuant to standard MPD policy, at the time of their arrests, plaintiffs' personal property, including their cellphones, was seized as evidence. Based on the seizure of their property, plaintiffs assert three claims against the District. First, plaintiffs allege that the District possessed their property beyond the point reasonably necessary to serve any law enforcement purpose in violation of the Fourth Amendment's protection against unreasonable seizures. Second, plaintiffs allege that the District failed to provide them with a procedure whereby they could seek the return of their property before a neutral decisionmaker, which allegedly constitutes a violation of their due process rights under the Fifth Amendment. Plaintiffs contend that the District should be held liable for these purported violations because the violations represent a policy, practice, or custom of which the District had notice. Third, plaintiffs allege that the District's unlawful possession and control over their property constituted conversion. Plaintiffs assert these claims on behalf of themselves and two putative classes.

As set forth in the accompanying memorandum of points and authorities, plaintiffs fail to allege a violation of their Fourth Amendment rights because they do not challenge the initial seizure of their property. Plaintiffs fail to allege a violation of their procedural due process rights because plaintiffs at all times had the ability to pursue the return of their property before a neutral decisionmaker under D.C. Superior Court Rule of Criminal Procedure 41(g)—in fact, three named plaintiffs sought relief under Rule 41(g). Even assuming plaintiffs have alleged a violation of their constitutional rights, plaintiffs' cursory allegations of an unconstitutional policy, practice, or custom do not adequately support their claims of municipal liability against the District under 42 U.S.C. § 1983. Finally, plaintiffs fail to allege a claim for conversion because the District's seizure of plaintiffs' property was lawful. Plaintiffs' claims should be dismissed with prejudice. A proposed order is attached.

Dated:  December 17, 2021.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE[*]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001

---

[*]   Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).

(202) 805-7512
richard.sobiecki@dc.gov
helen.rave@dc.gov

*Counsel for Defendant*