# EXHIBIT B

# SPECIAL ORDER



DISTRICT OF COLUMBIA

| Title |
|---|
| **Cell Phone Recovery Process** |
| Number |
| **15-08** |
| Effective Date |
| **April 14, 2015** |
| Related to: |
| GO-SPT-601.1 (Recording, Handling, and Disposition of Property Coming into the Custody of the Department) |

| I. | Background | Page 1 |
|---|---|---|
| II. | Regulations | Page 1 |
| III. | Procedures | Page 2 |
| IV. | Cross Reference | Page 4 |

## I.   BACKGROUND

The vast majority of citizens in the District of Columbia carry some type of cell phone which may be targeted for theft by criminals. Criminals also tend to carry their own cell phones which may be used to communicate with other criminal associates, document their crimes via video or photograph, or send incriminating text messages. Cell phone GPS data and cell site data can also place a cell phone (and presumably the person who has the cell phone) at a specific location during a specific time frame.

Therefore, a suspect's electronic device may have information of evidentiary value, or a stolen cell phone found in a suspect's possession may link him or her to the theft. In these cases, cell phones contain evidentiary information that may be used to solve criminal offenses or assist in the prosecution of the offender. The Metropolitan Police Department (MPD) purchased cell phone investigative kiosks which allow users to extract data from cell phones and put it into a report for use by investigators.

The purpose of this order is to outline procedures for the recovery of cell phones and seized cell phone locations, and for the use of the Department's cell phone investigative kiosks.

## II.   REGULATIONS

A.   Members shall not attempt to locate or track a seized cell phone's location or search digital information on a cell phone seized from an individual who has been arrested unless:

1.   A search warrant is obtained;

    2.    Exigent circumstances exist; or

    3.    The arrestee grants consent for the search. If the arrestee grants consent for the search, members shall use the PD Form 781 (Consent to Search) or their notebook to document the consent and the time the consent was given.

B.    When consent has been given to search a cell phone, the member should ask the arrestee for the password and/or other access information. When consent has not been given, but the arrestee has waived his Miranda rights, the member should ask for the password and/or other access information.

C.    Only those members who have received training and are authorized by a captain of the Criminal Investigations Division in the Investigative Services Bureau shall use the cell phone investigative kiosk.

D.    There may be other electronic devices that have cell service and contain information of evidentiary value. If a suspect has such a device, members shall follow the same rules of recovery for a cell phone as outlined in this order. In such cases, a detective will determine the necessary course of action after the device is recovered.

E.    Members handling a cell phone or other electronic device that has cell service as evidence shall note the chain-of-custody on the PD Form 81 (Property Record).

F.    Under no circumstances shall any member use a cell phone investigative kiosk to search any device for personal reasons.

G.    Members shall ensure that all requests for searches are related to an official MPD investigation.

### III.    PROCEDURES

A.    When members recover cell phones as "Found Property", absent any circumstances or evidence indicating the cell phone is linked to a criminal offense, they shall handle the cell phones in accordance with GO-SPT-601.1 (Recording, Handling, and Disposition of Property Coming into the Custody of the Department). In these cases, members can conduct a peripheral search of the phone to try to identify the owner, but shall not attempt to "unlock" a phone that is password-protected.

B.    When members recover cell phones from arrestees, and there is no reason to believe the phone has any evidentiary value or is stolen,

  members shall handle the cell phones as "Prisoner's Property" in accordance with GO-SPT-601.1.

C. When members recover cell phones from arrestees who are charged with any felony offenses, theft-related offenses, or any offenses in which there is reason to believe the device has evidentiary value:

  1. The recovering member shall:

    a. Seize the cell phone as evidence.

    b. Not answer the phone if it rings unless the member can identify an exigency that requires the phone to be answered. However, if the phone rings, members may document the incoming phone number when it is visible on the screen (i.e., in "plain view").

    c. Place the cell phone in airplane mode if the member believes there is potential for the cell phone to be remotely wiped of data.

    d. Complete a PD Form 81 and list the phone as "Evidence" on the Property Book.

    e. Deliver the cell phone along with a copy of the PD Form 81 to a detective of the member's respective element who shall be responsible for storing the phone in the cell phone investigative kiosk storage locker, or in cases involving crimes investigated by units outside of the District Investigations Branch (e.g. Homicide Branch, Sexual Assault Unit), ensure the cell phone is delivered to a detective of that unit. If a detective is unavailable:

      (1) The member shall ensure the phone is secured with the respective District Property Clerk or if after hours, with station personnel.

      (2) The member shall notify the lieutenant assigned to the respective detective unit via email of the cell phone recovery.

  2. Detectives receiving the phone shall note on the property book when the phone is placed in the cell phone investigative kiosk storage locker.

3. Detective lieutenants who receive notification of a cell phone recovery shall ensure the cell phone is retrieved from the Property Office and stored in the cell phone investigative kiosk storage locker pending a search warrant and recovery of evidentiary information.

4. Assigned detectives shall:

    a. Ensure the cell phone is seized as evidence.

    b. Ensure the phone is turned off.

    c. Ensure an application for a search warrant or court order is presented for the cell phone as soon as possible but no later than 48 hours after the recovery.

    d. Upon receipt of a search warrant, give a copy of the warrant to the cell phone investigative kiosk Technician.

5. The cell phone investigative kiosk technician shall:

    a. Process the phone.

    b. Turn over the completed report along with the cell phone to the assigned detective.

6. After the cell phone investigative kiosk technician returns the phone, the assigned detective shall turn the cell phone over to the District property clerk for handling according to the appropriate category (e.g., "Found Property," "Evidence").

**IV. CROSS REFERENCE**

1. GO-SPT-601.1 (Recording, Handling, and Disposition of Property Coming into the Custody of the Department)

*Cathy L. Lanier*

Cathy L. Lanier
Chief of Police

CLL:PAB:MOC:AWS:JC