UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEXANDER CAMERON, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Case No. 21-cv-02908 (APM)** |
| **OYOMA ASINOR, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **Case No. 21-cv-02158 (APM)** |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the court are two related cases arising from racial justice protests following the murder of George Floyd in the summer of 2020. Plaintiffs Alexander Cameron, Benjamin Tan, Destiny Robinson, Jonah Angeles, and Jake Oster, along with dozens of others, were arrested at one such demonstration in mid-August 2020. Compl., *Cameron, et al. v. Dist. of Columbia*, No. 21-cv-2908-APM (D.D.C.) [hereinafter *Cameron* Docket], ECF No. 1 [hereinafter *Cameron* Compl.], ¶¶ 2–3. Upon Plaintiffs' arrests, the D.C. Metropolitan Police Department ("MPD") seized their cell phones. *Id.* ¶ 3–4. No Plaintiff was charged. *Id.* ¶¶ 3, 5. Notwithstanding their

non-prosecution, MPD took months to return the devices to some Plaintiffs and others never received theirs back. *Id.* ¶¶ 4–6. Plaintiffs Oyoma Asinor and Brian Dozier attended additional demonstrations later in the month. Second Am. Compl., *Asinor, et al. v. Dist. of Columbia, et al.*, No. 21-cv-2908-APM (D.D.C.) [hereinafter *Asinor* Docket], ECF No. 24 [hereinafter *Asinor* Am. Compl.], ¶¶ 1–2. At one demonstration, on August 29, 2020, MPD used chemical irritants and stun grenades against protestors, including both Plaintiffs. *Id.* ¶¶ 21, 32–66. Another protest occurred on August 30, 2020, and this time MPD arrested Asinor and seized his cell phone. *Id.* ¶¶ 67–70. Despite never being charged with a crime, it took Asinor over a year to get his device back. *Id.* ¶¶ 71–75.[1]

## II.

Plaintiffs filed suit against Defendant District of Columbia (the District) in August 2021, *Asinor* Docket, *Asinor* Compl., ECF No. 1, and November 2021, *Cameron* Compl. Challenging MPD's failure to timely return seized cell phones, both groups of Plaintiffs (except Dozier) brought Section 1983 claims for violations of the Fourth and Fifth Amendment. *See Cameron* Compl. ¶¶ 79–86 (Claim One, Fourth Amendment), ¶¶ 87–91 (Claim Two, Fifth Amendment); *Asinor* Am. Compl. ¶¶ 128–130 (Claim Four, Fourth Amendment), ¶¶ 131–133 (Claim Five, Fifth Amendment). They also brought state law claims for conversion. *See Cameron* Compl. ¶¶ 92–96 (Claim Three); *Asinor* Am. Compl. ¶¶ 134–135 (Claim Six). Additionally, arising from MPD's use of force at the protests on August 29, 2020, the *Asinor* Plaintiffs brought state law claims against the District and individual MPD officers for negligence per se, *Asinor* Am. Compl. ¶¶ 104–

[1] The court need not further detail the allegations in the Complaints, as they have previously been set forth by this court, *Cameron* Docket, Mem. Op., ECF No. 24, at 2–4, *Asinor* Docket, Mem. Op., ECF No. 33, at 1–2, and the D.C. Circuit, *Asinor v. Dist. of Columbia*, 111 F.4th 1249, 1251 (D.C. Cir. 2024). The court presumes the reader's familiarity with those allegations.

111 (Claim One), violation of the First Amendment Assemblies Act, *id.* ¶¶ 112–119 (Claim Two), and assault and battery, *id.* ¶¶ 120–127 (Claim Three).

After filing, another judge of this District Court designated *Cameron* and *Asinor* as related, and the latter was reassigned to this court. *Cameron* Docket, Notice of Related Case, Nov. 4, 2021; *Asinor* Docket, Minute Order, Dec. 9, 2021. In December 2021 and January 2022, Defendants moved to dismiss the entire complaint in *Cameron*, *Cameron* Docket, Def.'s Mot. to Dismiss, ECF No. 19, and all but the assault and battery and conversion claims in *Asinor*, *Asinor* Docket, Defs.' Partial Mot. to Dismiss, ECF No. 29. In August 2022, the court granted the motions, dismissing the Fourth and Fifth Amendment claims under Section 1983 for failure to state a claim and declining to exercise supplemental jurisdiction over the remaining state law claims. *Asinor* Docket, Mem. Op., ECF No. 33 [hereinafter *Asinor* Mem. Op.], at 2–4; *Cameron* Docket, Mem. Op., ECF No. 24 [hereinafter *Cameron* Mem. Op.], at 2. The court also denied as moot the *Cameron* Plaintiffs' motion for class certification. *Cameron* Mem. Op. at 26.

Plaintiffs appealed the court's dismissal of their Fourth Amendment and state law claims and the denial of class certification.[2] The D.C. Circuit reversed. It held that, by "alleg[ing] that the government continued to possess their property for many months after it lacked any legitimate interest in protecting officers or investigating possible criminal behavior," Plaintiffs had stated plausible Fourth Amendment violations. *Asinor v. Dist. of Columbia*, 111 F.4th 1249, 1255, 1261 (D.C. Cir. 2024). The court correspondingly vacated the dismissal of the state law claims and the denial of class certification. *See id.* at 1261.

[2] Plaintiffs did not appeal the court's dismissal of its Fifth Amendment claim under Section 1983. *See Asinor*, 111 F.4th at 1261 ("The plaintiffs do not challenge the dismissal of their Fifth Amendment claims.").

These matters are now once more before this court. Defendants again move to dismiss both suits. *See* Def.'s Mot. to Dismiss, *Cameron* Docket, ECF No. 47 [hereinafter *Cameron* Mot.]; Defs.' Mot. to Dismiss, *Asinor* Docket, ECF No. 52 [hereinafter *Asinor* Mot.]. They do so on narrow grounds. They argue that Plaintiffs have not plausibly alleged municipal liability for their Fourth Amendment injuries and, upon dismissal of those claims, again urge the court decline to exercise supplemental jurisdiction over the non-federal causes of action. *Id.*

As explained below, the court finds that Plaintiffs have plausibly stated custom claims under Section 1983. It also finds that it is proper to exercise supplemental jurisdiction over Plaintiffs' conversion claims (*Asinor*, Claim Six; *Cameron*, Claim Three), but not Asinor's three state law claims alleging the use of excessive force (*Asinor*, Claims One through Three). The District's motion to dismiss the Complaint in *Cameron* is therefore denied. Defendants' motion to dismiss the Second Amended Complaint in *Asinor* is granted in part and denied in part.

**III.**

To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept as true all well-pleaded factual allegations contained in the complaint, *Twombly*, 550 U.S. at 556, and construe the complaint in the plaintiff's favor, *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). But "naked assertions devoid of further factual enhancement" are not sufficient to support a complaint. *Iqbal*, 556 U.S. at 678 (cleaned up) (citing *Twombly*, 550 U.S. at 557).

**IV.**

**A.**

To state a Section 1983 claim against a municipality like the District, Plaintiffs must plausibly allege two elements: (1) a constitutional violation and (2) a District custom or policy that caused the violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). On Defendants' first motions to dismiss, the court found no Fourth Amendment violations and therefore did not reach the custom element.[3] *Cameron*[4] Mem. Op. at 11; *Asinor*, 111 F.4th at 1261 n.4. The parties agree that the D.C. Circuit's decision resolved the first element in Plaintiffs' favor—when it found that Plaintiffs had plausibly alleged Fourth Amendment violations, *Asinor*, 111 F.4th at 1261—so only the second element remains in dispute. *See Cameron* Docket, *Cameron* Mot., Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss [hereinafter *Cameron* Mem.], ECF No. 47-1, at 2; *Cameron* Docket, Pls.' Opp'n to Def.'s Second Mot. to Dismiss [hereinafter *Cameron* Pls.' Opp'n], ECF No. 48, at 6–7; *see also Asinor*, 111 F.4th at 1261 n.4 (declining to address "whether the complaints adequately alleged a municipal custom or policy").

Although there are various ways to prove the second element, *see Baker*, 326 F.3d at 1306, the one Plaintiffs advance here is "the employees' unconstitutional actions are so consistent that they have become a custom of the municipality of which the supervising policymaker must have

[3] On Defendants' first motions to dismiss, the court treated the alleged Fourth Amendment violations under two separate theories: as challenges both to (1) the prolonged seizure of the cell phones, *Cameron* Mem. Op. at 5–11, and (2) the unreasonable delay before the cell phones were searched, *id.* at 11–14. The court found that Plaintiffs had failed to allege a constitutional violation as to the first theory, and while they did plausibly allege a constitutional violation under the second theory, they failed to plausibly plead a custom. *Id.* at 11, 14. In the D.C. Circuit's reading however, the Plaintiffs' Fourth Amendment claims "rest only on MPD's prolonged retention of the property itself." *Asinor*, 111 F.4th at 1261 n.4. The court therefore addresses only the prolonged seizure theory.

[4] The court cites to the briefing in *Cameron*, as the parties' submissions are sufficiently similar on the Fourth Amendment issues. The court's memorandum opinion in *Asinor* adopted and incorporated the reasoning from *Cameron*. *See Asinor* Mem. Op. at 2.

been aware." *Hurd v. Dist. of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (cleaned up). Under that theory, "a plaintiff must show that the municipality 'knowingly ignore[d] a practice that was consistent enough to constitute custom.'" *Id.* (quoting *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)). That practice must be "so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 563 U.S. 51, 61 (2011), and be the "moving force" behind a constitutional violation, *see Baker*, 326 F.3d at 1306. "And the actions or 'series of decisions' can only confer liability on the municipality if the custom was so engrained that it amounted to a 'standard operating procedure' of which municipal policymakers must have been aware." *Hurd*, 997 F.3d at 338 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Beyond those basic formulations, the parties dispute the proper pleading standard for alleging a custom at the motion to dismiss stage. *See Cameron* Pls.' Opp'n at 6–7 ("Plausibly alleging a custom claim is not a demanding task"); *Cameron Docket*, Def.'s Reply in Further Supp. of Its Mot. to Dismiss, ECF No. 50, at 1–5 ("Plaintiffs [] err regarding the proper standard of review."). But their disagreement is of little consequence. Whether it is enough to allege incidents that "coalesce into a discernible 'policy,'" or whether they must present "concentrated, fully packed, precisely delineated scenarios," the court finds that the totality of Plaintiffs' factual allegations is enough to plausibly allege a custom. *See Carter v. Dist. of Columbia*, 795 F.2d 116, 123, 125 (D.C. Cir. 1986).

Plaintiffs rely on a collection of examples to plausibly establish that MPD has a custom of failing to timely return cell phones even after there is no legitimate law enforcement purpose to retain them. First, they point to their own experiences in 2020, wherein MPD seized their phones and did not return them for lengthy periods of time if at all. *See Cameron* Compl. *Id.* ¶¶ 19–32, 51, 53(c). Plaintiffs also identify a January 2017 protest against President Trump's inauguration,

during which the District seized cell phones from "more than 200 [individuals], arrested in downtown," and "even though many of the arrested individuals demanded the return of their phones," "the government did not return the phones for at least eight months (and in some cases much longer) after their seizure." *Id.* ¶ 53(a). Plaintiffs further recite examples supplied by criminal defense lawyers, whose clients' cell phones were seized and held for between four months and four years—including some clients who have yet to receive their cell phones back. *Id.* ¶ 53(d)-(i). And finally, Plaintiffs rely on two documents, a 2019 report by the District's Police Complaints Board, which "outlin[ed] MPD's failures to return property," and a 2016 article in *The Atlantic* magazine describing MPD's routine seizure of cell phones as "legal robbery, like a shake down." *Id.* ¶ 54.

Defendants ask the court to peel apart each of these examples, urging variously that they are too few, vague, incredible, and too factually dissimilar to render Plaintiffs' custom claims plausible. *Cameron* Mem. at 9–13. The court declines that invitation. Taking a broad view of the complaint, Plaintiffs have plausibly alleged that the District has a "persistent and widespread" custom of seizing and unreasonably withholding phones. *Hurd*, 997 F.3d at 338 (internal quotation marks omitted). Regardless of the weight given to each specific example, "constru[ing] the complaint in [their] favor," *Hettinga*, 677 F.3d at 476, Plaintiffs have pleaded "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that the District's custom was the "moving force" behind their Fourth Amendment injuries, *Baker*, 326 F.3d at 1306–07.

Because Plaintiffs have plausibly alleged custom as a basis for municipal liability, the court declines to dismiss Plaintiffs' Section 1983 claims.

**B.**

The court next addresses Defendants' requests to dismiss Plaintiffs' state law claims. In *Cameron*, the District argues only that if the court dismisses Plaintiffs' Fourth Amendment claim, it should also dismiss the conversion claim for lack of supplemental jurisdiction. *Cameron* Mem. at 13–14 (citing 28 U.S.C. § 1367(c)(3)). As the court declines to dismiss the Fourth Amendment claim in *Cameron*, it quickly disposes of this argument. In *Asinor*, the District makes the same argument but additionally contends that the court lacks even supplemental jurisdiction over Plaintiffs' claims related to MPD's use of force at the August 29, 2020 demonstration. *Asinor* Mot., Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss, ECF No. 52-1 [hereinafter *Asinor* Mem.], at 10–11, 17.

A federal court can exercise supplemental jurisdiction over a plaintiff's state law claims only if they "derive from a common nucleus of operative fact" as a federal claim, such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367. As the D.C. Circuit put it, there must be "meaningful overlap between the operative facts of the federal and state claims." *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 536 (D.C. Cir. 2025). On the other hand, supplemental jurisdiction is improper where proving state claims "would do nothing to inform the analysis" of federal claims "and vice versa." *Id.*

Defendants contend that the sole connection between the state and federal claims in *Asinor* is that they involve "protests in August 2020" and "Asinor himself." *Asinor* Mem. at 11. Therefore, there is insufficient "factual or legal overlap" between the claims to support the exercise of supplemental jurisdiction. *Id.* at 10. The court agrees.

Asinor challenges different conduct that occurred on different days. His state law claims arise from MPD's use of force at a demonstration on August 29, 2020, while his Fourth Amendment claim arises from the seizure of his phone at a separate demonstration on August 30, 2020, and its prolonged retention in the months thereafter. *Id.*; Asinor Am. Compl. ¶¶ 1–2. Beyond the temporal proximity between the two demonstrations, Asinor has not alleged "operative facts" in common between his state and federal claims that would allow the court to exercise supplemental jurisdiction. *Joyner*, 140 F.4th at 536.

Asinor insists that there is factual overlap as to both liability and damages among the claims and therefore the exercise of supplemental jurisdiction would be proper. *Asinor* Docket, Pls.' Opp'n to Def.'s Third Mot. to Dismiss, ECF No. 53 [hereinafter *Asinor* Pls.' Opp'n], at 27–28. The court is not persuaded. On liability, Asinor asserts that "facts about the August 29 incident may have shaped MPD's response to the August 30 incident and help explain what crimes, if any, it was investigating when it refused to return Mr. Asinor's phone." *Id.* at 27. But he does not challenge the reasonableness of the initial seizure on August 29, only the months-long retention of his device. *See generally Asinor* Am. Compl. And even if MPD's seizure and retention of the phone on August 30 were in some way related to the events of August 29, proving the Fourth Amendment claim "would do nothing to inform the analysis" of Asinor's tort claims. *See Joyner*, 140 F.4th at 536. Additionally, Asinor maintains that both his state and federal claims "involve facts about MPD's policies and practices for dispersing protests and for investigating them." *Asinor* Pls.' Opp'n at 27. But the mere possibility that the same sets of policies or practices were in play during both demonstrations is not enough. Those potential "facts in common between the federal claims and the D.C. law claim[s]," if any, are "background facts," establishing only a "minimal connection between [the] claims." *Joyner*, 140 F.4th at 536.

Alternatively, Asinor urges the court to exercise jurisdiction based on overlap in damages, explaining that his "injuries implicate facts from each incident." *Asinor* Pls.' Opp'n at 27–28. But the only cases Asinor offers to support this argument involve "indivisible injur[ies]." *See Wiley Wiley, Co -Trs. for Wiley v. Fleet Farm LLC*, 799 F. Supp. 3d 860, 883 (D. Minn. 2025); *Feigler v. Tidex, Inc.*, 826 F.2d 1435, 1439 (5th Cir. 1987) (concluding that "single-injury syndrome provide[d] the common nucleus of operative fact sufficient to support pendent-party jurisdiction"). Here, Asinor does not allege that MPD's use of force on one day and its seizure and prolonged retention of his cell phone on another caused a single injury. Rather, he alleges psychological harm from the former, *Asinor Am. Compl.* ¶ 110, and economic harm from the latter, *id.* ¶ 129. Asinor has not done enough to plausibly allege "meaningful overlap between the operative facts" of his state and federal claims regarding either liability or damages. *Joyner*, 140 F.4th at 536.

In sum, because the court declines to dismiss the Fourth Amendment claims, it will not dismiss the attendant conversion claims. However, the court will dismiss for lack of supplemental jurisdiction Asinor's state law claims for negligence per se (Claim One), violation of the First Amendment Assemblies Act (Claim Two), and assault and battery (Claim Three), because they do not share a common nucleus of operative fact with his Fourth Amendment claim.

**V.**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs Cameron *et al.*'s Complaint is denied. *Cameron* Docket, ECF No. 47. Defendants' Motion to Dismiss Plaintiffs Asinor *et al.*'s Second Amended Complaint is granted in part and denied in part. *Asinor* Docket, ECF No. 52.

Dated: October 21, 2026

Amit P. Mehta
United States District Judge